**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLIE R. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-1871 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| GEORGE W. BUSH, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On August 31, 2009, *pro se* Plaintiff Kellie R. Watson filed an Amended Complaint [44] against Defendants George W. Bush, the Department of Housing and Urban Development ("HUD"), HUD Regional Director Joseph P. Galvan, former Illinois Governor Rod Blagojevich[1], Chicago Mayor Richard M. Daley, Attorney General Lisa Madigan, the Illinois State Police Division of Forensic Services, Detective Robert R. Cordaro of the Chicago Police Department, Chicago Police Superintendent Phillip J. Cline, the Internal Affairs Department of the Chicago Police Department, former Cook County State's Attorney Richard A. Devine, Assistant State's Attorney John Sommerville, the Cook County State's Attorney's Office, and four private attorneys. Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 4 (federal criminal statute for misprision of a felony), 18 U.S.C. § 1505 (federal criminal statute for obstruction of justice), an Illinois criminal statute relating to the obstruction of justice (720 ILCS 5/31-4), and the Illinois Civil Rights Act (740 ILCS 23/1). The amended complaint also refers to Title VIII of the Civil Rights Act ("the Fair Housing Act"), the Americans with Disabilities Act,

---

[1] Because the Court construes Plaintiff's complaint liberally as asserting claims against former Governor Blagojevich in both his individual and official capacities, the current Governor, Pat Quinn, is substituted pursuant to Rule 25 of the Federal Rules of Civil Procedure only as to the official capacity claims.

18 U.S.C. § 241 (conspiracy against rights), and 18 U.S.C. § 242 (deprivation of rights under color of law).

Several Defendants have moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See [45, 48, 50]. Those motions currently are before the Court. For the reasons stated below, Defendants' motions to dismiss are granted.

## I. Background[2]

Plaintiff filed her initial complaint against Defendants in the Circuit Court of Cook County on February 25, 2009. On March 25, 2009, the United States removed this case to federal district court pursuant to 28 U.S.C. § 1442(a)(1). On August 31, 2009, Plaintiff filed her amended complaint [44].

The basis for Plaintiff's amended complaint is two-fold. First, Plaintiff states that she was raped in 2000 and 2001 and alleges that Defendants failed to investigate and prosecute her assailant. Second, Plaintiff alleges that she had difficulty obtaining federally-subsidized housing, and that after she secured federal grant money, she was "illegally evicted" from an apartment that was "not up to HUD standards or The City of Chicago Building Code." The complaint is the latest in a series of lawsuits against various defendants, all of which stem from those events. See *Watson v. Home Depot, et al.*, No. 01 C 1517; *Watson v. Home Depot, et al.*, No. 07 C 4191; *Watson v. HUD, et al.*, No. 08 C 1308.

Defendants Devine, Sommerville, and the Cook County State's Attorney's Office (collectively the "SAO Defendants") have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6). See

---

[2] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[45]. Defendants Quinn (the successor to Defendant Blagojevich) and Madigan filed a motion to dismiss [50] that adopts the motion filed by the SAO Defendants. Defendants Bush, HUD, and Galvin ("the Federal Defendants") seek dismissal on sovereign immunity, lack of subject matter jurisdiction, and *res judicata* or collateral estoppel grounds. See [48].

## II.     Legal Standards

Defendants have moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). The purpose of a motion to dismiss is not to decide the merits of the case. A Rule 12(b)(6) motion tests the sufficiency of the complaint, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990), while a Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir.1999). In reviewing a motion to dismiss under either rule, the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in her favor. *Killingsworth*, 507 F.3d at 618; *Long*, 182 F.3d at 554.

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as

3

true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. Surviving a Rule 12(b)(1) motion to dismiss is more difficult, as Plaintiff bears the burden of proving that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

The Court is mindful of Plaintiff's *pro se* status and, accordingly, reads her pleadings and filings liberally. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir.1998). However, this Court is not required to "fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996).

**III. Analysis**

    **A. Claims Against the State Defendants**

        **1. The Eleventh Amendment**

Defendants Devine, Sommerville, the Cook County State's Attorney's Office, Quinn, and Madigan (the "State Defendants") argue that all of Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(1) because they are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state is immune from suits brought by individuals in federal court unless one of two exceptions applies. *Kroll v. Board of Trustees of University of Illinois*,

4

934 F.2d 904, 907 (7th Cir. 1991); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). First, individuals may sue a state in federal court if the state has consented to suit by unequivocally waiving its sovereign immunity. *Kroll*, 934 F.2d at 907; *Pennhurst*, 465 U.S. at 98. Second, individuals can bring suit against states where Congress has abrogated the states' immunity from suit. *Kroll*, 934 F.2d at 907; *MCI Telecommunications Corp. v. Ill. Commerce Com'n*, 183 F.3d 558, 563 (7th Cir. 1999).

Here, Plaintiff alleges that Illinois has waived its sovereign immunity, citing to 115 ILCS 5/19, in which the state of Illinois waives its sovereign immunity for purposes of the Illinois Educational Labor Relations Act. However, Plaintiff's claims are entirely unrelated to that statute, and thus it cannot establish a waiver of sovereign immunity in this case. The Court finds no other indication that Illinois has waived its sovereign immunity in this matter. With respect to the second exception, Plaintiff cites to *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) for the proposition that "Congress may abrogate state immunity from suit under the enforcement clause of the Fourteenth Amendment." However, none of the statutes relied upon by Plaintiff abrogates state sovereign immunity.[3] Therefore, neither of the exceptions to state sovereign immunity

---

[3] It is well-established that neither Section 1983 nor Section 1985 abrogates state sovereign immunity. See *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (Section 1983 does not "override the traditional sovereign immunity of the States"); *Rucker v. Higher Educational Aids Board*, 669 F.2d 1179, 1184 (7th Cir. 1982) (state agency immune from federal damages liability under Section 1985). Private individuals lack standing to sue under federal criminal statutes. See *Norman v. Campbell*, 87 Fed.Appx. 582, 584-85 (7th Cir. 2003) (unpublished) ("private parties may not pursue claims under federal criminal statutes"); *Nelson v. Chertoff*, 2008 WL 4211577, at *4 (N.D. Ill. Sept. 10, 2008) ("criminal statutes generally do not provide for private civil causes of action"); *Jones v. GES Exposition Services, Inc*., 2004 WL 2011396, at *7 n.5 (N.D. Ill. Sept. 7, 2004) (no private right of action exists under 18 U.S.C. §§ 241 and 242) (collecting cases). Therefore, there can be no doubt that Congress did not intend to allow individuals to sue states under the federal criminal statutes that Plaintiff invokes. Plaintiff's complaint also makes mention of the Americans with Disabilities Act ("ADA"). The Supreme Court has held that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. *United State v. Georgia*, 546 U.S. 151, 159 (2006). Here, Plaintiff's complaint does not assert an independent violation of the Fourteenth Amendment. While the *Georgia* Court "left open the question whether the ADA could validly abrogate sovereign immunity for *non-constitutional* violations," the Court need not reach the

5

applies in this case, and the Eleventh Amendment may serve as a bar to Plaintiff's claims to the extent that they are properly construed as claims against the state.

While Plaintiff has not named the state as a defendant, Eleventh Amendment immunity also bars most federal court actions against state agencies and state officials. "The effect of the amendment differ[s] * * * depending on the category of defendant," (*i.e.*, whether a defendant is a state agency or a state official). *Kroll*, 934 F.2d at 907.

State agencies are considered equivalent to the state for Eleventh Amendment purposes, and therefore are immune from suit in federal court "regardless of the nature of the relief sought." *Kroll*, 934 F.2d at 907; see also *Pennhurst*, 465 U.S. at 100. The Cook County State's Attorney's Office is a state agency. See *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 265 (7th Cir. 1999). Consequently, it is immune from suit in federal court, and Plaintiff's claims against it are dismissed for lack of subject matter jurisdiction.

The analysis is slightly more complicated for suits against state officials. The Eleventh Amendment is implicated only in official-capacity suits, which "are deemed to be against the 'entity of which an officer is an agent,'" not in personal-capacity suits. *Kroll*, 934 F.2d at 907. Here, Plaintiff does not specify whether Devine, Sommerville, Quinn, Blagojevich, and Madigan ("the Individual State Defendants") are being sued in their official or individual capacities. Defendants note that in *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997), the Seventh Circuit stated that "[a] Section 1983 complaint that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity." However, the court went on to explain that "the fact that a complaint does not state the capacity

---

question whether the ADA validly abrogates Illinois's sovereign immunity here. *Morris v. Kingston*, 2009 WL 6038161, at *3 (7th Cir. Mar. 10, 2010) (unpublished). "Title II only provides for damages if a public official *intentionally* discriminates because of disability." *Id.* Plaintiff alleges only that she is disabled, not that the State Defendants discriminated against her because of her disability, let alone that they did so intentionally.

under which the defendant is being sued is not conclusive that it is only in the defendant's official capacity," and therefore "'[a] court must also consider the manner in which the parties have treated the suit.'" *Id*. at 707 (quoting *Conner v. Reinhard,* 847 F.2d 384, 394 n.8 (7th Cir. 1988)); see also *Hill v. Shelander,* 924 F.2d 1370, 1373 (7th Cir. 1991) (official capacity suit cannot be "presumed any time that the complaint fails to explicate clearly the capacity in which the defendant is to be sued"). In *Stevens*, the parties had "operated under the assumption that Umsted was being sued in his individual capacity," as evidenced by the fact that the defendant raised "the defense of qualified immunity, which is applicable only in individual capacity suits." 131 F.3d at 707. Therefore, the court proceeded as if it were an individual capacity case. *Id.* See also *Hughes v. Krause*, 2008 WL 904898, at *6 (N.D. Ill. Mar. 31, 2008) (construing claims against two Illinois Assistant State's Attorneys as being brought against them in their personal capacities where the ASA's invoked the defense of absolute immunity).

Here, Defendants have invoked both sovereign immunity and absolute immunity defenses. Because Plaintiff is proceeding *pro se*, this Court must construe her complaint liberally and subject it to less stringent scrutiny than complaints drafted by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). In light of this "special responsibility * * * to view the *pro se* complaint with an understanding eye," the Court will construe the complaint as asserting claims against the Individual State Defendants in both their official and individual capacities. *Donald*, 95 F.3d at 555.

### 2. Official Capacity Claims Against Individual State Defendants

To the extent that Plaintiff is suing the Individual State Defendants in their official capacities, whether her claims are barred by the Eleventh Amendment turns of the nature of relief that she seeks. The Eleventh Amendment bars official capacity claims against state officials for money damages. *Kroll*, 934 F.2d at 907-08. However, under the *Ex parte Young*

7

doctrine, a plaintiff may seek prospective equitable relief for ongoing violations of federal law without running afoul of the Eleventh Amendment. See *id.* at 908; *MCI Telecommunications Corp. v. Illinois Commerce Com'n*, 168 F.3d 315, 320 (7th Cir. 1999); *Ex parte Young*, 209 U.S. 123, 159-60 (1908). Here, it is not clear what relief Plaintiff is seeking.[4] Construing the amended complaint liberally in light of Plaintiff's *pro se* status, the Court will consider whether Plaintiff has stated a claim for monetary damages or injunctive relief.

Any damages claims against the Individual State Defendants in their official capacities are barred by the Eleventh Amendment; in so far as Plaintiff is asserting such claims, they and are dismissed for lack of jurisdiction pursuant to Rule 12(b)(1). Plaintiff's amended complaint also can be read as seeking a prospective injunction requiring the Individual State Defendants to comply with state and federal law. Assuming, *arguendo*, that Plaintiff is seeking an injunction compelling the Individual State Defendants to enforce *state* law, that claim also warrants dismissal for lack of subject matter jurisdiction because "the Eleventh Amendment prohibits a federal court from ordering state officials to conform their conduct to state law." *Komyatti v. Bayh*, 96 F.3d 955, 959 (7th Cir. 1996); see also *Pennhurst*, 465 U.S. at 106 ("*Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law"). Finally, to the extent that Plaintiff seeks to enjoin the Individual State Defendants to enforce federal law, her claims are not barred by the Eleventh Amendment. However, for the reasons discussed below, any such claims nevertheless merit dismissal pursuant to Rule 12(b)(6).

---

[4] The amended complaint simply requests that the Court "allow" the complaint. In her response to the motions to dismiss, Plaintiff requests that the Court enforce various laws. Neither the original complaint nor the amended complaint appears to request any monetary damages. However, the basic complaint form that Plaintiff filed with the Clerk of the Circuit Court of Cook County states that her "Amount Claimed" is $150,000.

The amended complaint alleges that the Individual State Defendants failed to enforce the laws in the aftermath of her rape by failing to prosecute her alleged rapist.[5] Plaintiff's amended complaint can be interpreted liberally as seeking an injunction compelling the Individual State Defendants to prosecute her alleged rapist. Alternatively, the amended complaint can be understood to be seeking the prosecution of the Individual State Defendants for their alleged violations of federal criminal statutes, including 18 U.S.C. §§ 4 and 1505. Either way, Plaintiff's claims merit dismissal because Plaintiff lacks standing to assert a claim seeking to compel the prosecution of a third party (*i.e.*, her alleged rapist or the Individual State Defendants). See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001) (plaintiff "lacks standing to complain about [state actors'] refusal to prosecute"); *Bilal v. Wolf*, 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009) ("a victim of a crime does not have standing to seek the prosecution of the person who committed the offense"). Therefore, all claims against the Individual State Defendants in their official capacities are dismissed.

### 3. Personal Capacity Claims Against Individual State Defendants

The Individual State Defendants contend that, if Plaintiff's amended complaint is construed as asserting damages claims against them in their individual capacities, those claims are barred by the doctrine of absolute prosecutorial immunity. The amended complaint alleges that the prosecutors (Defendants Sommerville and Devine) decided not to prosecute her alleged rapist despite the fact that there was "no investigation," and that all of the Individual State

---

[5] Plaintiff's complaint also asserts claims based on her inability to obtain and retain federally-subsidized housing. However, Plaintiff asserts no allegations regarding the Individual State Defendants in connection with her HUD-related claims.

Defendants "did nothing to follow and enforce the laws," although they knew that a crime had been committed.

It is well-settled that prosecutors are absolutely immune from liability under Section 1983 for those activities that are "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Seventh Circuit has held that a state's attorney's decision as to whether charges should be brought in a particular case is entitled to absolute immunity. See *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000); *Spiegel v. Rabinovitz*, 121 F.3d 251, 257-58 (7th Cir. 1997). Thus, the doctrine of absolute prosecutorial immunity extends to the decision *not* to pursue charges (*Ross Yordy Const. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995)), and Defendants Sommerville and Devine are entitled to absolute immunity for their decision not to bring charges against Plaintiff's alleged assailant.

To the extent that Plaintiff is challenging the state's attorneys' failure to conduct an investigation prior to making the decision not to prosecute, they also are entitled to absolute immunity. The Supreme Court has held that prosecutors are not absolutely immune from liability when they "perform[] the investigative functions normally performed by a detective or police officer." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Here, Plaintiff alleges that there was no investigation. Therefore, Defendants performed none of the investigative functions for which they are not entitled to absolute immunity under *Buckley*. Moreover, the reasoning behind the *Buckley* holding is that performing investigations and other police work is not within a prosecutor's core functions. *Andrews v. Burge*, 660 F. Supp. 2d 868, 876 (N.D. Ill. 2009). The Court can see no basis for holding Sommerville and Devine liable for failing to do what is not one of their core functions. Other district courts similarly have concluded that prosecutors are

entitled to absolute immunity for claims premised on a failure to investigate. See *Marczeski v. Handy*, 213 F. Supp. 2d 135, 141 (D. Conn. 2002) (holding that "claims based on an alleged failure to investigate c[o]me within the absolute immunity afforded by *Imbler*"); *Trammell v. Coombe*, 1996 WL 601704, at *3 (S.D.N.Y. Oct. 18, 1996) ("[T]he decision not to investigate is so closely intertwined with the decision not to prosecute that to deny immunity for failure to investigate would offer an obvious means to circumvent the doctrine of prosecutorial immunity.").

Similarly, Plaintiff's claims against Attorney General Madigan are barred by absolute prosecutorial immunity. See *Carrillo v. Chambers*, 2007 WL 257634, at *5 (N.D. Ill. Jan. 22, 2007) (claim that Illinois Attorney General failed to take action to ensure that plaintiff's rights were protected barred by absolute prosecutorial immunity); *Potts v. O'Malley*, 1995 WL 745960, at *3 (N.D. Ill. Dec. 1, 1995) (Illinois Attorney General entitled to absolute prosecutorial immunity). And Plaintiff's claims against the Governor also are barred by the doctrine of absolute immunity, because they relate to his alleged failure to take action with regard to her assault. See *Cote v. Kontos*, 1989 WL 10854 (N.D. Ill. Feb. 8, 1989) (Governor of Illinois is protected by absolute immunity for exercising functions that are "intimately associated with the judicial phase of the criminal process") (quoting *Imbler*, 424 U.S. at 430).

In sum, Plaintiff's claims against the Cook County State's Attorney's Office are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction. Similarly, any damages claims asserted against the Individual State Defendants in their official capacities are dismissed pursuant to Rule 12(b)(1). Likewise, Plaintiff's claims for injunctive relief seeking to compel the Individual State Defendants to enforce state law are dismissed for lack of subject matter jurisdiction. To the extent that Plaintiff is asserting damages claims against the Individual

11

State Defendants in their personal capacities, those claims are barred by the doctrine of absolute prosecutorial immunity, and are dismissed under Rule 12(b)(6). And any claims seeking to enjoin the Individual State Defendants to enforce federal law are dismissed pursuant to Rule 12(b)(6) because Plaintiff lacks standing to compel the criminal prosecution of third parties.

### B. Claims Against the Federal Defendants

Plaintiff's claims against the Federal Defendants are based largely on Plaintiff's inability to obtain suitable federally-funded housing. The amended complaint alleges that Plaintiff is entitled to federal funds from HUD, and that the Federal Defendants have misappropriated those funds and improperly have excluded her from HUD-funded programs. Plaintiff also appears to be asserting claims against former President Bush based on his failure to bring about the prosecution of her alleged rapist. The Federal Defendants argue that Plaintiff's claims against them warrant dismissal because the United States has not waived its sovereign immunity.[6]

Sovereign immunity bars suits in which the United States is "'the real, substantial party in interest.'" *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 433 (7th Cir. 1991) (citation omitted). Suits are considered to be against the sovereign if "'the judgment would expend itself on the public treasury or domain, or interfere with public administration,' or if the effect of the judgment would be 'to restrain the Government from acting or compel it to act.'" *Id.* (citations omitted). Put differently, absent waiver, the doctrine of sovereign immunity bars suits that threaten "to impose upon the United States liability for money or property damages or some form of coercive injunctive relief." *Id.* at 434; see also *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002) ("It is axiomatic that the United States as sovereign cannot be sued without its consent").

---

[6] The Seventh Circuit has held that sovereign immunity is not jurisdictional. See *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) ("sovereign immunity does not diminish a court's subject-matter jurisdiction").

As noted above, Plaintiff's complaint can be construed as seeking both damages and injunctive relief. To the extent that Plaintiff is seeking monetary damages from HUD – a federal agency – or from Bush and Galvan in their official capacities, her claims are in essence claims against the United States. See *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985) ("the United States and its agencies may not be named as parties and sued without specific statutory consent"); *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005) (federal agency protected by sovereign immunity); *Anderson v. Luther*, 521 F. Supp. 91, 96 (N.D. Ill. 1981) ("Suing a federal official in his official capacity is the same as asserting a claim against the United States itself"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself").[7] Similarly, to the extent that Plaintiff is seeking an injunction compelling the Federal Defendants to act (*i.e.*, to prosecute her assailant or to provide her with federally-funded housing), her suit is against the sovereign.[8]

Therefore, Plaintiff's claims against the Federal Defendants are barred by the doctrine of sovereign immunity unless Plaintiff can identify "a federal law that waives the sovereign

---

[7] Once again, Plaintiff does not specify whether she is suing Defendants Bush and Galvan in their official or individual capacities. Under *Bivens v. Six Unknown Agents of the Bureau of Narcotics*, 403 U.S. 388, 389 (1971), a plaintiff may bring a cause of action for damages against federal officials in their individual capacities for certain constitutional violations. However, even if the Court were to read Plaintiff's complaint as asserting *Bivens* claims against Bush and Galvan, those claims would fail, as Plaintiff does not allege any specific violations of her federal constitutional rights.

[8] Not all suits against federal officials for injunctive relief are deemed suits against the United States for sovereign immunity purposes. See *Clark v. United States*, 691 F.2d 837, 839 (7th Cir. 1982). The Supreme Court established in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) that, "in a suit for specific relief, it would engage in the legal fiction that a suit against a government officer in his official capacity is not a suit against the sovereign if" (1) the officer's actions are beyond their statutory powers, or (2) the officer was acting unconstitutionally or pursuant to an unconstitutional grant of power from the sovereign. *Id.*; see also *Dugan v. Rank*, 372 U.S. 609 (1963). Here, there is no allegation that the Federal Defendants acted unconstitutionally or beyond their statutory powers; therefore, *Larson* is not applicable and any claim for injunctive relief is in essence a suit against the United States.

immunity of the United States to the cause[s] of action" she asserts. *Macklin*, 300 F.3d at 819.
Here, Plaintiff cites several statutory and constitutional bases for relief in her complaint, none of which supports the conclusion that the United States has waived its immunity to suits for money damages.[9] The Federal Defendants argue that the Federal Tort Claims Act ("FTCA") provides the only possible waiver for Plaintiff's claims. The FTCA effects a limited waiver of sovereign immunity for the United States. The FTCA provides that federal district courts

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Even if Plaintiff's complaint is construed as stating a claim under the FTCA it fails for three reasons. First, Plaintiff cannot maintain FTCA claims against federal agencies or federal officials, including the Federal Defendants, because the only proper defendant in an FTCA action is the United States. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Second, Plaintiff's FTCA claims must be dismissed for lack of jurisdiction pursuant to the so-called derivative jurisdiction doctrine, which provides that a federal court's jurisdiction

---

[9] See *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972) ("Sections 1331 and 1343, Title 28, United States Code, may not be construed to constitute waivers of the federal government's defense of sovereign immunity"); *New Mexico v. Regan*, 745 F.2d 1318, 1321 (10th Cir. 1984) (28 U.S.C. § 1331 does not include a general waiver of sovereign immunity by the United States); *Harbert v. United States*, 206 Fed.Appx. 903, 907 (11th Cir. 2006) (unpublished) ("§ 1331 cannot be construed to constitute a waiver of sovereign immunity"); *Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir.1980) ("Section 1331 is in no way a general waiver of sovereign immunity"); *Smith v. United States*, 298 Fed.Appx. 510 (7th Cir. 2008) (United States has not waived sovereign immunity for suits arising under Section 1983); *Jones v. Nat'l Commc'n & Surveil. Networks*, 409 F.Supp.2d 456, 466 (S.D.N.Y. 2006) (no waiver of federal sovereign immunity for claims under Sections 1983 and 1985); *Agee v. United States*, 72 Fed.Cl. 284, 289 (Fed. Cl. 2006) (Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims). As discussed above, no private right of action exists under the federal criminal statutes on which Plaintiff relies. Therefore, there can be no question that Congress did not intend to waive the Federal Government's sovereign immunity for claims arising under those statutes.

over a removed matter is derivative of that of the state court. See *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none"). Federal courts have exclusive jurisdiction over FTCA suits. 28 U.S.C. § 1346(b); *Midwest Knitting Mills, Inc. v. U.S.*, 950 F.2d 1295, 1297 (7th Cir. 1991). Therefore, to the extent that Plaintiff's complaint is construed as asserting FTCA claims, the state court lacked jurisdiction over those claims. Because the state court lacked jurisdiction over the Federal Defendants, this Court lacks jurisdiction as well because its jurisdiction upon removal is derivative of that of the state court. See *Edwards v. United States Department of Justice*, 43 F.3d 312, 316 (7th Cir. 1994).

Third, Plaintiff has failed to allege that she exhausted her administrative remedies under the FTCA. See *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (failure to exhaust administrative remedies before bringing FTCA suit mandates dismissal).

The Court notes that, in so far as Plaintiff is asserting claims for injunctive relief against the Federal Defendants, the Administrative Procedure Act ("APA") provides another possible waiver of sovereign immunity. Section 702 of the APA waives the government's sovereign immunity for actions seeking prospective injunctive relief. *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) ("Congress has waived sovereign immunity for most forms of prospective relief") (citing 5 U.S.C. § 702). Section 702 of the APA provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

The Seventh Circuit has explained that Section 702's waiver of sovereign immunity is not limited to cases in which a plaintiff seeks judicial review under the APA. *Id.* at 371-72. Rather, it applies to a plaintiff's attempt to obtain review of an agency action "if *either* some statute other than the APA makes an action reviewable * * * or there is no alternative remedy specified by statute." *Id.* at 372. The APA's waiver of sovereign immunity may be applicable here, to the extent that Plaintiff is seeking injunctive relief. However, the Court need not determine whether the APA provides a waiver of sovereign immunity in this case because Plaintiff has failed to allege that she was adversely affected or aggrieved by an agency action. Plaintiff does not allege that HUD violated her rights; rather, she alleges that she was evicted from federally-subsidized housing by the City of Chicago Department of Human Services, Shelter Plus Care Housing Program.[10] See *Guesnon v. McHenry*, 539 F.2d 1075, 1077 (5th Cir. 1976) (local public housing agency which acted and functioned in conjunction with the HUD was not a federal agency, and therefore its act did not constitute an "agency action" within meaning of the APA).

Because Plaintiff's claims against the Federal Defendants are in effect claims against the United States, and Plaintiff has failed to identify a statute waiving the federal government's sovereign immunity, those claims are dismissed pursuant to Rule 12(b)(6).

### C.  Claims Against Remaining Defendants

Chicago Mayor Richard M. Daley, the Illinois State Police Division of Forensic Services, Detective Robert R. Cordaro of the Chicago Police Department, former Chicago Police Superintendent Phillip J. Cline, the Internal Affairs Department of the Chicago Police

---

[10] Nor does former President Bush's failure to take action with respect to the prosecution of Plaintiff's alleged rapist constitute an agency action. See *Franklin v. Massachusetts,* 505 U.S. 788, 801 (1992) (President's actions are not "agency actions" for purposes of the ADA).

Department, and four private attorneys – Theodore C. Jennings, Joseph P. Lewand, D. Tondelayo Watkins, and Elfreda Dockery – also are named as Defendants in Plaintiff's original complaint.[11] While none of those Defendants has moved for dismissal, the Court nonetheless dismisses Plaintiff's remaining claims *sua sponte* because it is clear from the pleadings that Plaintiff's claims against the remaining Defendants are subject to dismissal.[12]

Plaintiff alleges that Mayor Daley and former Superintendent Cline were informed that a crime had occurred and did nothing to follow and enforce the laws. But neither the Mayor nor the Superintendent has any authority to charge anyone with a crime; any such decision is made by a prosecutor. Accordingly, the Court can conceive of no claim that Plaintiff might have against those Defendants. Moreover, as discussed above, Plaintiff lacks standing to compel the prosecution of a third party.

Detective Cordaro and the Internal Affairs Department of the Chicago Police Department are identified as Defendants in the case caption of the original complaint, but the body of the amended complaint is entirely silent as to Detective Cordaro and the Internal Affairs Department, and consequently suggests no predicate for a claim against those Defendants. In light of the complete absence of any substantive allegations regarding Detective Cordaro and the Internal Affairs Department, they are stricken as Defendants.

---

[11] The operative complaint – Plaintiff's Amended Complaint – does not list all of the Defendants in the case caption or on the body of the complaint.

[12] While district courts generally "cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond," *English v. Cowell,* 10 F.3d 434, 437 (7th Cir. 1993), "[d]istrict judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); see also *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (noting that a district court may dismiss a frivolous claim *sua sponte*); *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (affirming district court's *sua sponte* dismissal for failure to state a claim). Here, Plaintiff's remaining claims plainly are defective, and therefore dismissal is appropriate.

The amended complaint alleges that the Illinois State Police Division of Forensic Services failed to follow proper procedures or to return certain test results pertaining to Plaintiff. Those allegations do not implicate any federal claim against the Illinois State Police Division of Forensic Services. To the extent that Plaintiff may have a state law claim against the Illinois State Police Division of Forensic Services, the Court declines to exercise supplemental jurisdiction over such a claim. See *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). If Plaintiff believes that she may have a claim against the Illinois State Police Division of Forensic Services, she may file a separate lawsuit in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (explaining that Illinois law gives plaintiffs one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to refile those claims in state court).

Finally, any claims against Jennings, Lewand, Watkins, and Dockery – four attorneys who previously were appointed as counsel for Plaintiff in her previous law suits – would best be characterized as legal malpractice claims arising under state law. Again, because the Court has dismissed all claims over which it has original jurisdiction (see 28 U.S.C. § 1367(c)(3)), Plaintiff's supplemental state law malpractice claims are dismissed without prejudice, pursuant to "the usual practice" in this circuit. *Groce*, 193 F.3d at 501.

## IV. Conclusion

For the reasons stated above, the pending motions to dismiss [45, 48, 50] are granted and Plaintiff's amended complaint is dismissed in its entirety.

Dated: April 20, 2010

Robert M. Dow, Jr.
United States District Judge